UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>7 BAY CORP<br>           Debtor | CHAPTER 11<br>CASE NO. 15-14885 - FJB |

## LIMITED OPPOSITION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING PRIVATE SALE OF PROPERTY OF THE ESTATE

Now comes Avidia Bank ("Avidia" or the "Bank"), listed by the Debtor as a secured creditor, relating to the proposed sale of property located at 7 Bay Street, Unit 3, Hull, Massachusetts (the "Proposed Sale Unit" or "Unit 3"), and hereby provides this limited opposition to the Debtor's Motion for Order Authorizing Private Sale of Property of the Estate (the "Sale Motion").

1. On or about December 17, 2015 the Debtor filed with this Court a Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code.

2. The Debtor continues to operate as a Debtor in possession.

3. The Court has previously determined that the Debtor is a single asset real estate entity (a "SARE") pursuant to the relevant provisions of the United States Bankruptcy Code.

4. On or about January 14, 2016 the Debtor filed its statements and schedules in this bankruptcy.

5. On or about January 20, 2016, the Debtor filed its Sale Motion with regard to its efforts to sell unit 3.

6. In the Debtor's schedule A-B, part 9, it listed the overall property at 7 Bay

Street, Hull, Massachusetts as a residential condominium development which originally had 11 town houses, one of which has been sold and 10 of which therefore remain.

7. The Debtor indicated in part 9 that the Debtor is the owner of the 10 remaining units.

8. In schedule D, part 1, column B, the Debtor lists the value of that collateral as having a value of $5,500,000.00.

9. Also in part 1 of schedule D, the Debtor lists Avidia Bank, as a secured party in that collateral with an amount of claim of approximately $250,000.00.

10. Other secured claims, listed by the Debtor, against the secured property, include a claim by United Bank for $2,500,000.00 and a secured claim by National Lumber for $250,000.00.

11. Therefore, according to the Debtor's own schedule D, Avidia Bank is a fully secured, equity position, creditor, with regard to the subject property.

12. Nonetheless, the Debtor's Sale Motion, currently suggests a pay out from the proceeds of the sale of Unit 3, with a sale price of $565,000.00, as providing the following payments out of sale proceeds:

 a. United Bank - $400,000.00
 b. Real estate broker - $2,8250.00
 c. Deed stamps - $2,576.40
 d. Closing costs - $3,000.00

13. The Debtor <u>does not</u> have any provision whatsoever for any payment out of sale proceeds of the secured piece of real estate, to its secured creditor Avidia Bank.

14. Instead, the Debtor's Sale Motion suggests that the Debtor should receive

the net proceeds after that outlined distribution, in the amount of $131,173.60.

15. Avidia objects to this distribution, and instead believes that Avidia is entitled to the net proceeds from the sale of Unit 3 (this is, assuming that United Bank has already agreed to the $400,000.00, and that the other remaining amounts are set amounts already determined as closing related costs, and that no other secured party, i.e. National Lumber, timely files an objection).

16. In addition, although the Sale Motion references, at paragraph 18, that "on this date..." the Debtor has filed a Motion for Authorization of Use of Cash Collateral, no such cash collateral motion has been filed to date. Therefore, Avidia Bank has no idea whatsoever at this point as to what the Debtor's proposed cash collateral structure would be with regard to adequately protecting the rights of Avidia Bank with regard to either Unit 3 or any subsequent operation after the sale of Unit 3.

WHEREFORE, Avidia Bank makes the following limited objections:

1. Avidia Bank does not necessarily object to the sale of the unit itself, but believes that it is entitled to the remainder of the net sale proceeds after payment of the first four enumerated distribution expenses as outlined currently in section 23 of the Sale Motion.

2. That this Court order such other further relief as it deems just and applicable.

AVIDIA BANK
By Its Attorney:

*/s/ Howard B. D'Amico*
Howard B. D'Amico (BBO# 553420)
Howard B. D'Amico, P.C.
33 Waldo Street
Worcester, MA  01608
(508) 793-1606
hdamico@hbdpc.com

## CERTIFICATE OF SERVICE

    I, Howard B. D'Amico, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 27, 2016 by prepaid First Class Mail.


                                                       */s/ Howard B. D'Amico*
                                                       Howard B. D'Amico