UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>7 BAY CORP<br><br>Debtor | Chapter 11<br>Case No. 15-14885-FJB |

## NOTICE OF APPEAL

Now comes Avidia Bank ("Avida"), and hereby takes appeal from the Amended Order dated February 5, 2016 (Docket entry number 79) granting the Debtor's Sale Motion (Docket entry number 30). A copy of docket entry number 79 is attached hereto and incorporated herein as Exhibit "A". Avidia will appeal, as available, directly to the United States District Court for the District of Massachusetts.

AVIDIA BANK
By its Attorney,

/s/ Howard B. D'Amico
Howard B. D'Amico (BBO# 553420)
Howard B. D'Amico, P.C.
33 Waldo Street
Worcester, MA 01608
(508) 793-1606
hdamico@hbdpc.com

## CERTIFICATE OF SERVICE

I, Howard B. D'Amico, Esq., do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 16, 2016 by prepaid First Class Mail.

/s/ Howard B. D'Amico
Howard B. D'Amico

Case 15-14885    Doc 79    Filed 02/05/16    Entered 02/05/16 15:58:52    Desc Main
Document    Page 3 of 7

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of ) | |
| ) | Chapter 11 |
| 7 BAY CORP ) | |
| ) | Case No. 15-14885-FJB |
| Debtor ) | |

### AMENDED[1] ORDER GRANTING DEBTOR'S MOTION AUTHORIZING PRIVATE SALE OF <u>PROPERTY OF THE ESTATE</u>

Upon consideration of the January 20, 2016 Motion of the Debtor for Order Authorizing Private Sale of Property of the Estate (Doc. No. 30) (the "Sale Motion"); due notice of the Sale Motion having been given to all persons and parties entitled thereto; and having considered the various oppositions filed thereto, including the Opposition of UB Properties, LLC dated January 27, 2016 (Doc. No. 50) ("UB Properties Objection"), the Limited Opposition of Avidia Bank dated January 27, 2016 (Doc. No. 51) ("Avidia Objection"), the Limited Opposition of National Lumber Company dated January 27, 2016 (Doc. No. 54) ("National Lumber Objection"), the response of National Lumber Company to Debtor's Motion for Emergency Hearing (Doc. No. 71), and the Limited Opposition to Debtor's Motion for Emergency Hearing (Doc. No. 72), and the Court having conducted a hearing on the Sale Motion, having considered the arguments of the various parties and the Office of the United States Trustee, pursuant to Sections 105, 363, 365 and 1164(c) of Title 11 of the United States Code (the "Bankruptcy Code"), consistent with Rules 2002, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), based upon the pleadings and proceedings of record at the Sale Hearing; and (F) upon the determination of this Court, for good and sufficient cause that consummation of the Purchase and Sale Agreement ("Purchase Agreement") by and between the Debtor, 7 Bay Corp, ("Debtor") and Stephen J. Roche and Jean E. Roche (the "Buyer"), for the property located at 7 Bay Street,

---

[1] The Court's Order [#77] is hereby amended to reflect the correct date of February 5, 2016 rather than February 2, 2016.

Unit #3, Hull, Massachusetts (the "Property") is in the best interest of the Debtor, its bankruptcy estate, creditors and parties in interest, this Court makes findings of fact as follows:

A. Debtor has filed the Sale Motion pursuant to Sections 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, and 6004, requesting authority to consummate the Purchase Agreement. All capitalized terms used in this Order that are not otherwise defined herein are deemed to have the meanings set forth in the Purchase Agreement.

B. Debtor has complied with all applicable procedures for providing notice of the sale of the Property (as such term is defined in the Sale Motion). Proper, timely and sufficient notice of the Sale Motion and Sale Hearing was provided and such notice was properly served on all required persons and entities, including, but not limited to, all creditors, all parties with liens or security interests, all state and federal taxing authorities, the attorneys for the secured parties, the United States Trustee, and all parties requesting notice in accordance with the Bankruptcy Rules.

C. The Sale Motion and Notice of the Sale Motion adequately and accurately disclose the full terms of the proposed sale and the justification for the proposed sale.

D. The sale complies with MLBR 6004-1 and the Sale Motion identifies the holder of all Liens.

E. The sale of the Property pursuant to the terms and conditions set forth in the Purchase Agreement represent the valid and reasonable exercise of the Debtor's judgment.

F. The terms and conditions of the Purchase Agreement are non-collusive, fair and reasonable. The Purchase Agreement was:
   a. Negotiated, proposed and entered into without collusion, in good faith, from arm's length bargaining positions; and
   b. Constitutes the highest and best offer for the Property. Neither the Debtor nor Buyer have engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under 11 U.S.C. § 363(n).

2

G. The consideration to be paid by Buyer for the Property under the Purchase Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Property, (iii) will provide greater recovery for the Debtor's creditors than would be provided by any other practical available alternative and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

H. Debtor may sell the Property free and clear of any and all liens, encumbrances, claims, demands, rights, interests, debts and commitments, whether absolute or contingent, matured or unmatured, accrued or unaccrued, asserted or unasserted, known or unknown, including, without limitation any claims predicated upon any theory of successor liability or any similar theory (collectively, the "Liens and Liabilities"), regardless of how or when any such Liens and Liabilities may have arisen or arise because either:

   i. Applicable non-bankruptcy law permits such a sale;
   ii. Bankruptcy law permits such a sale;
   iii. Each applicable creditor consents to the sale as proposed in the Motion;
   iv. Applicable creditors could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such Liens and Liabilities; or
   v. This Court, pursuant to its equitable power and jurisdiction, has the power and authority to authorize and effectuate the sale of the Property to Buyer free and clear of all Liens and Liabilities.

I. Buyer has available (or will have available on the Closing Date) all necessary cash and other resources required to consummate the Purchase Agreement in accordance with its terms

J. The Purchase Agreement is in the best interest of the Debtor, its creditors, and its bankruptcy estate.

3

NOW, THEREFORE, based upon the findings of fact as set forth above and the pleadings and proceedings of record at the Sale Hearing, this Court renders conclusions of law as follows:

A. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. § 1334. Venue of this bankruptcy case in this Court is proper pursuant to 28 U.S.C. § 1409. The Sale Hearing constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). The statutory predicates for the requested relief are, inter alia, Sections 105, 363 and 365 of the Bankruptcy Code.

B. No other or further notice of this Motion, the Sale Hearing or the entry of this Order is necessary.

C. The Notice of the Motion and Sale Hearing was timely served upon all creditors and other parties in interest upon whom service is required and the notice satisfies the provisions of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004 and any other requirements of due process.

D. Debtor has demonstrated sufficient reasons for the sale of the Property pursuant to the Purchase Agreement and consummation of the Purchase Agreement is in the best interest of its creditors and bankruptcy estate.

E. Without a sale free and clear of all Liens and Liabilities, the sale of the Property could not be consummated.

F. Sufficient cause and justification exist under Sections 105(a) and 363(f) to grant the Motion.

G. This court overruled the Avidia Objection and National Lumber Objection and UB Properties, LLC has consented to this Agreed Order.

H. Buyer is hereby determined to be a good faith purchaser under Section 363(m) of the Bankruptcy Code in connection with the sale of the Property and shall be entitled to the protections afforded to a good faith purchaser thereunder.

I. All of the transactions contemplated by the Purchase Agreement are properly authorized under Sections 105, 363 and 365 of the Bankruptcy Code.

J. There is no law which prohibits or restricts the assignment, conveyance or transfer of any of the Property to Buyer.

4

NOW THEREFORE, based upon the findings of fact and conclusions of law set forth above and the pleadings and proceedings of record at the Sale Hearing,

IT IS HEREBY ORDERED:

1. The Sale Motion is granted in its entirety, except as modified by this Order. The Purchase Agreement is approved in all respects and the sale of the Debtor's Property is hereby authorized, inter alia, under Sections 105(a), 363(b), 363 (f)(1) and/or (f)(5) and 365 of the Bankruptcy Code.

2. The findings of fact and conclusions of law set forth above shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed; and to the extent any conclusion of law shall later be determined to be a finding of fact, it shall be so deemed.

3. Debtor is authorized and directed to execute, deliver and perform the Purchase Agreement and to sell all its right, title and interest in and to the Property to Buyer, free and clear of any and all Liens and Liabilities, in accordance with the terms of the Purchase Agreement. The Purchase Agreement is, and shall be, binding upon and enforceable against the Debtor and its estate, according to its terms.

4. All Liens and Liabilities shall be and hereby are transferred and (as to any liens, security interests or encumbrances) attach to the cash proceeds from the sale of the Property in order of their priority and with the same validity, force and effect which they now have as against the Property. The transaction contemplated by the Debtor will constitute transfers for reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of every jurisdiction in which the Debtor resides.

5

5. From the cash proceeds contemporaneously with the Closing the Debtor shall make the following disbursements[2]:

    A.    UB Properties, LLC - $475,000.00
    B.    Real Estate Broker   $28,250.00
    C.    Deed Stamps         $2,576.40
    D.    Closing Fees         $3,000.00
    E.    Postpetition Services  $15,749.42[3]
    F.    UB Properties, LLC   $40,424.18

The $40,424.18 to be distributed to UB Properties, LLC shall be disbursed in accordance with any order approving use of the cash collateral under Section 363 of the Bankruptcy Code. These funds will be held by UB Properties, LLC until a determination by this Court on Debtor's use of cash collateral.

6. Provided the Closing occurs, the sale price is paid in full, and the Unit Deed is recorded, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding interests of any kind or nature whatsoever against or in the Debtor or the assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtor, or the Property, hereby are forever barred, estopped, and permanently enjoined from asserting any claim against Buyer, its successors or assigns, its property, and the Property.

7. Debtor is authorized to execute and deliver such documents, take or perform such acts, and do such other things as may be necessary to effect and carry out the provisions of the Purchase Agreement, all of the transactions related thereto and this Order.

---

[2] The distribution of proceeds as set forth herein is pertinent to the sale of Unit #3 only. UB Properties, LLC shall have no obligation to allow for or consent to the disposition of proceeds of sales of any units of the Estuary Condominium to the Debtor or any junior secured or partially secured creditor.

[3] This sum is the amount requested for and approved by the Court in the <u>Debtor's Motion for Interim and Final Order Authorizing Debtor to Obtain Debtor in Possession Financing under 11 U.S.C. § 364 on an Unsecured Basis</u>, filed with this Court on January 20, 2016, (Doc. No. 31) pursuant to an order (*nunc pro tunc*) ("Financing Order") submitted to this Court together with this Sale Order. Disbursement of this sum is subject to Court approve of the Financing Order.

6

8. Neither conversion of this case to a case under Chapter 7 of the Bankruptcy Code nor dismissal of this case shall have any effect upon the rights of Buyer under or in connection with the Purchase Agreement or this Order, and Buyer shall be entitled to all of the rights and benefits afforded to it under (i) the Purchase Agreement, (ii) the instruments and documents executed or to be executed in connection with or pursuant to the Purchase Agreement, and (iii) this Order, notwithstanding any such conversion or dismissal. The Purchase Agreement and the Order shall be binding upon and enforceable against any trustee appointed in this case or in any case to which this case may be converted.

9. This Court retains sole and exclusive jurisdiction to resolve any and all matters or disputes arising under or relating to the Purchase Agreement (including, without limitation all post-closing obligations thereunder), the sale of the Property, the administration of the sales proceeds by the Debtor, the implementation, interpretation or enforcement of this Order, and the relief and protection afforded to Buyer by this Order.

10. The Purchase Agreement, and the ancillary documents related thereto, may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof, without further order of this Court, provided that such modification, amendment or supplement is not material and adverse to the Debtor and the Debtor's estate.

11. For good cause as established by the record in this Case, and irrespective of Bankruptcy Rule 6004(g), this Order shall be effective immediately upon entry pursuant to Bankruptcy Rule 9014 and 7062. No automatic stay of execution applies with respect to this Order and the parties are authorized to close the transaction without having to await the passage of the 14 day period set forth in F.R.B.P 6004(h).

SO ORDERED

Hon. Frank J. Bailey
United States Bankruptcy Judge
Boston, Massachusetts

Dated: February 5, 2016