UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>7 BAY CORP<br><br>             Debtor | Chapter 11<br>Case No. 15-14885-FJ B |

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

Now comes Avidia Bank, and states that its issue on appeal, from both orders appealed from, is essentially the same:

1. Although the Court has indicated that it believes that, pursuant to Section 363 of the United States Bankruptcy Code, the Court has the authority to authorize the sale sought by the Debtor in its motion, even without the ability to have all lien holders satisfied, Avidia Bank has never objected to this portion of the motion and does not now object or appeal from that segment of the Court's Orders with regard to the sale.

2. Avidia believes that the sale motion and final Amended Order approving the sale motion both directly indicate that the liens shall attach to the proceeds but, then authorize the monies to be distributed in a manner that is inconsistent with the way the liens otherwise would and should attach to the proceeds pursuant to applicable state law.

3. The inconsistency occurs when both the original motion that was approved and the February 5, 2016 Amended Order that was approved, each do not pay the liens in the order of their attachment priorities.

4.   Practically, both the original proposed motion, and the Amended Order, allow some monies to go to the first lien holder, UB Properties, LLC, but then provide that remaining monies do not have to be paid to the next attaching liens, those of National Lumber or Avidia Bank, but instead can drop down to the Debtor.

5.   If the Motion and/or the Order had merely required that all of the proceeds go to UB Properties, LLC, in its first position, then Avidia would have had no objection and would have no grounds to appeal.

6.   Once UB Properties, LLC indicates that it will accept less than its full priority position, then under Section 363, and the cases cited, and under M.G.L. Chapter 244, (the parallel Massachusetts state court statute to the Washington state statute referenced in In Re Jolan, Inc. 403 B.R. 866, 870 (Bankr. W.D. WASH. 2009)) the proceeds must drop down to the next lien holder, National Lumber.

AVIDIA BANK
By its Attorney,

/s/ Howard B. D'Amico
Howard B. D'Amico (BBO553420)
Howard B. D'Amico, P.C.
33 Waldo Street
Worcester, MA 01608
(508) 793-1606
hdamico@hbdpc.com

## CERTIFICATE OF SERVICE

    I, Howard B. D'Amico, Esq., do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 2, 2016 by prepaid First Class Mail.

    /s/ Howard B. D'Amico
    Howard B. D'Amico