UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: | ) ) ) |
| 7 BAY CORP | ) ) |
| Debtor | ) ) ) |

Chapter 11
Case No. 15-14885-FJB

## EXPEDITED MOTION FOR RECONSIDERATION

Now comes Avidia Bank, and hereby requests that this Court reconsider the following earlier Orders of the Court:

1. This Court's Order (pleading number 76) allowing the Debtor's Motion for Order Authorizing Private Sale of Property of the Estate (the "Motion to Sell") (pleading number 30), and;

2. This Court's Order (pleading number 79), allowing and endorsing the Debtor's Amended (Proposed) Order for Authorizing Private Sale.

Avidia Bank states as reasons therefore the following:

1. The Debtor's Motion to Sell (30), at paragraph number 18, acknowledged that there were recorded liens, in order, to United Bank, then to National Lumber, and then to Avidia Bank.

2. The Motion to Sell, at paragraph 23, suggested that upon the sale, proceeds could be paid to United Bank, and then, without proceeds going to either National Lumber, or Avidia, further proceeds could drop down to the Debtor, at that time in the proposed amount of $131,173.60.

3. Avidia timely filed a limited Opposition to the Motion to Sell.

4. That opposition objected to funds dropping down past United, and then past National Lumber and Avidia, and then going to the Debtor.

5. The Court, after multiple hearings, issued its Order (76) allowing the Motion to Sell, and, in that Order, specifically acknowledging that the sale could occur but that the liens would attach to the proceeds.

6. Thereafter, the Debtor filed an Amended (Proposed) Order, which, at paragraph number four of its proposed Order indicated "ALL LIENS AND LIABILITIES SHALL BE AND HEREBY ARE TRANSFERRED AND...ATTACH TO THE CASH PROCEEDS FROM THE SALE OF THE PROPERTY IN ORDER OF THEIR PRIORITY AND WITH THE SAME VALIDITY, FORCE AND EFFECT WHICH THEY NOW HAVE AS AGAINST THE PROPERTY". (Emphasis added)

7. Nonetheless, paragraph five of the Amended (Proposed) Order, which was later endorsed by the Court (79) was in direct conflict with paragraph four. Paragraph five provides that the proceeds do NOT attach in the order of the liens, but instead skip past the attaching liens of National Lumber and Avidia, and instead go to the Debtor.

8. Paragraph four, and paragraph five were endorsed in the Court's approval of that proposed Amended Order (79).

9. Paragraph four's terms appear to be in direct conflict with paragraph five's terms.

10. Avidia continues to maintain that while the Court had the authority to order the sale, even in the absence of enough proceeds to pay all of the liens (In re Boston Generating, LLC, 440 B.R. 302, 333 (Bankr. S.D.N.Y. 2010), In re Jolan, Inc., 403, B.R.

866, 870 (Bankr. W.D. Wash. 2009), the Court did not have the authority, and did not cite to any authority, to justify the contradictory terms which suggested that the proceeds could somehow be paid in a manner <u>inconsistent</u> with the liens that continued to otherwise attach to the proceeds in the order and with the validity as they had before the sale.

WHEREFORE, Avidia hereby requests the following:

1. That this Court reconsider its earlier Order at pleading number 76;

2. That this Court reconsider its earlier Order at pleading number 79;

3. That this Court Order that either all of the net sale proceeds go to United Bank, or upon any acknowledgement that United Bank does not want some or all of the proceeds, that the proceeds then drop and become available to the next attaching lien holders in the order of their attaching lien priorities.

4. That this Court order such other further relief as it deems just and applicable.

AVIDIA BANK
By its Attorney,

/s/ Howard B. D'Amico
Howard B. D'Amico (BBO553420)
Howard B. D'Amico, P.C.
33 Waldo Street
Worcester, MA 01608
(508) 793-1606
hdamico@hbdpc.com

## CERTIFICATE OF SERVICE

I, Howard B. D'Amico, Esq., do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 8, 2016 by prepaid First Class Mail.

/s/ Howard B. D'Amico
Howard B. D'Amico